IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| W.L. Gore & Associates, Inc., ) | No. CV-10-8088-PCT-GMS |
| Plaintiff/Counterdefendant, ) | **ORDER** |
| vs. ) | |
| GI Dynamics, Inc., ) | |
| Defendant/Counterclaimant. ) | |

Pending before the Court is GI Dynamics' Motion to Require Return of Improperly "Clawed Back" Document (Doc. 106). For the reasons set forth below, the motion is denied.

The Court has reviewed the parties' briefing on GI Dynamics' motion. After having done so, the Court is persuaded that W.L. Gore consistently asserted an attorney-client privilege in five of the earlier versions of the "Clawed Back" Document that had been provided to GI Dynamics prior to or contemporaneously with the August 5, 2011 discovery.

While the Court accepts that the "Clawed Back" Document reflected some redaction that was not as extensive as the earlier versions provided by Gore, in light of the extended documents provided by Gore to GI Dynamics and the Stipulated Protective Order of the parties', the fact that Gore provided a version that was inconsistently redacted does not establish that the production of the document was intentional. Because, in light of these facts, it is apparent to the Court that the production of the "Clawed Back" Document was inadvertent, GI Dynamics' request for its return is denied.

GI Dynamics also argues that Gore either has no attorney-client privilege or has

waived the attorney-client privilege with respect to the redacted version of the document that had been earlier provided by Gore and the contents of the extended redaction now asserted with respects to the "Clawed Back" Document. Nevertheless, as the Court made clear, any disputes about discovery were to be raised with the Court prior to the close of fact discovery. Due to the consistent assertion of the attorney-client privilege with respect to the earlier versions of the document provided by Gore, GI Dynamics had ample and sufficient opportunity to challenge the extent of the attorney-client privilege asserted by Gore. The Court will not allow GI Dynamics to assert the argument it could have earlier raised prior to the deadline set forth in the Case Management Order. Further, GI Dynamics provides no sufficient good cause for the Court to allow it to do so. Therefore,

**IT IS ORDERED** that GI Dynamics' Motion to Require Return of Improperly "Clawed Back" Document (Doc. 106) is denied.

DATED this 19th day of January, 2012.

*A. Murray Snow*
G. Murray Snow
United States District Judge